**SO ORDERED.**

**SIGNED this 27 day of March, 2015.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:                                           CASE NO.: 15-01314-5-SWH

CHARLES H. WAINRIGHT                             CHAPTER 12
LISA B. WAINRIGHT,

     DEBTORS.

**CONSENT ORDER ALLOWING MOTION TO SELL REAL AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS AT PUBLIC AUCTION WITH LIENS TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. § 363(f) AND FOR COMPENSATION OF AUCTIONEER**

THIS CAUSE, coming on to be heard upon the Motion of **Charles** H. Wainright and Lisa B. Wainright (the Debtors), seeking an Order allowing and facilitating the sale of real and personal property free and clear of liens and other interests in said property with liens to attach to proceeds pursuant to 11 U.S.C. §363(f), and to compensate auctioneer and Debtors' counsel, and based on the Motion the Court finds as follows:

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

2.     The Debtors filed their petition pursuant to Chapter 12 of the United States Bankruptcy Code on March 10, 2015.

3.     The Debtors own real property and personal property in Pitt County, North Carolina as more particularly described on Exhibit A attached to their Motion and incorporated herein by reference (hereinafter sometimes collectively referred to as the "Property"). These assets were utilized in the Debtors' farming operations which are being discontinued.

4.     The Debtors request approval of the public sale of the Property referenced in Paragraph 3 above, free and clear of liens.

5       The Motion is made pursuant to the provisions of Sections 363(f), and 105, et seq. of the Bankruptcy Code and subject to Rule 6004 of the Bankruptcy Rules which provide for a subsequent determination of the validity, priority and extent of liens after due notice and a hearing as provided by law.

6.      Pursuant to Section 363(f) of the Bankruptcy Code, the Debtors may sell property free and clear of all liens, encumbrances, rights, interests and claims of record.

7       The sale of the Property is being proposed in good faith, and will be in the best interest of the estate.

8       By separate Application the Debtors have requested approval of the Court to employ E.B. Harris and E.B. Harris, Inc. to conduct a public auction of the Property and to compensate Mr. Harris. Mr. Harris has scheduled the sale for March 28, 2015 and the Debtors have requested the Court to shorten the required notice period from fourteen to ten days to allow the sale to be held at the optimal time of year for disposition of farm related items.

9.      The Debtors propose the sale of the Property be made free and clear of any and all liens, encumbrances, claims, rights and other interests, including but not limited to the following:

    A.    Any and all property taxes due and owing to any City, County or municipal corporation, and more particularly, to the Pitt County Tax Collector and the Town of Winterville.

    B.    Any and all remaining interests, liens, encumbrances, rights and claims asserted against the Property, which relate to or arise as a result of a sale of the Property, or which may be asserted against the buyer of the Property, including, but not limited to, those liens, encumbrances, interests, rights and claims, whether fixed and liquidated or contingent and unliquidated, that have or may be asserted against the Property or the buyer of the Property by the North Carolina Department of Revenue, the Internal Revenue Service, the Employment Security Commission, and any and all other taxing and government authorities.

    C.    The liens shall attach to the proceeds of sale subject to their relative priorities of record in accordance with the Bankruptcy Code. In Exhibit B attached to the Debtors' Motion, the Debtors identified known lien filings of record in the Registry of Pitt County, NC and on file with the North Carolina Secretary of State. However, this Order does not operate to determine the existence, validity or priority of all or any particular liens on the property to be sold, which will be determined at a later date. The Debtors must file a separate motion following the sales seeking authority to distribute sale proceeds to valid lienholders in the order of their lien priority, and the inclusion or exclusion of particular liens on Exhibit B to

      the Motion shall have no effect on any party's lien on or claims against the sale proceeds.

    D. The proceeds of sale shall be subject to payment of all reasonable administrative costs of this proceeding as provided for by Sections 330, 503, 507, and other applicable sections of the Bankruptcy Code, as the Court may allow upon application or motion filed subsequent to the sale, including compensation of the Auctioneer and Debtors' Attorney.

  10. If any creditor claiming a lien, encumbrance, right or interest on, in or against the Property, or against a buyer of the Property, does not object with in the time allowed, it should be deemed to have consented to sale of the Property free and clear of its lien, claim, encumbrance, right, and interest, provided that such lien claim, encumbrance, right and interest will remain preserved as to the sale proceeds notwithstanding the lack of a timely objection to the sale.

  **NOW, THEREFORE IT IS ORDERED:**

  1. The Debtors' proposed auction sale of the aforesaid Property under the terms and conditions described herein free and clear of all liens, claims, encumbrances, rights, and interests described herein is approved.

  2. Valid liens shall attach to the proceeds of sale regardless of whether such liens were properly identified on Exhibit B to the Motion, subject to any subsequent motions and orders of distribution that may be entered by the Court.

  3. The proceeds of sale of the property shall be subject to payment of all administrative costs of this proceeding as the Court may allow upon application or motion filed subsequent to the sale, including compensation of the Auctioneer and Debtors' Attorney.

  4. The buyer(s) of the property will not assume, have any liability for, or in any manner be responsible for any liabilities or obligations of the Debtors whether in rem claims or in personal claims.

  5. With respect to the sale of the 2011 Silverado which is the subject of a purchase money security interest in favor of Wells Fargo Bank, the minimum bid to be accepted at sale shall be $22,000.  In the event no bid in this minimum amount is made for the 2011 Silverado, the Debtor shall deliver the 2011 Silverado to Wells Fargo Bank for a commercially reasonable sale, with all net proceeds of sale then tendered by Wells Fargo to the Debtor's attorney.

  6. With respect to the sale of the 2013 Silverado which is the subject of a purchase money security interest in favor of Wells Fargo Bank, the minimum bid to be accepted at sale shall be $30,000.  IN the event no bid in this minimum amount is made for the 2013 Silverado, the Debtor shall deliver the 2013 Silverado to Wells Fargo Bank for a commercially reasonable sale, with all net proceeds of sale then tendered by Wells Fargo Bank to the Debtor's attorney.

7. The fourteen day stay applicable to orders authorizing the sale of real property pursuant to Interim Rule 6004(h) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE is waived.

8. The Debtors' Attorney shall retain any and all net sale proceeds in his trust account pending further orders of the Court regarding the disposition of the same.

9. This Order is without prejudice to the Motion to Dismiss filed by Harvey Fertilizer and Gas Co. and the parties' respective arguments and positions relating thereto and, specifically, the parties' respective arguments and positions relating to the Debtors' eligibility to proceed with this case under Chapter 12 of the Bankruptcy Code following the completion of the proposed auction.

10. The right of a secured creditor to credit bid is preserved, and no deposit or payment shall be required as secured creditor bidding in its collateral at the sale.

REVIEWED, CONSENTED AND AGREED:


By: /s/ RICHARD C. POOLE
    Richard C. Poole
    Debtors' Attorney


By: /s/ LISA P. SUMNER
    Lisa P. Sumner
    Attorney for AgCarolina Farm Credit, ACA


By: /s/ J. MICHAEL FIELDS
    J. Michael Fields
    Attorney for Harvey Fertilizer and Gas Co.


By: /s/ JOHN S. WILLIFORD, JR.
    John S. Williford, Jr.
    Attorney for Southern Bank and Trust Company


By: /s/ RICHARD M. STEARNS
    Richard M. Stearns
    Chapter 12 Trustee


By: /s/ TYLER J. RUSSELL
    Tyler J. Russell
    Attorney for Deere & Company

By: /s/ JOHN H.SMALL
     John H. Small
     Attorney for McCotter Farms, LLC

By: /s/ PAMELA P. KEENAN
     Pamela P. Keenan
     Attorney for Wells Fargo Bank


END OF DOCUMENT