UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

In the Matter of:                                      CASE NO.: 15-01314-5-SWH
CHARLES H. WAINRIGHT
LISA B. WAINRIGHT,                                     CHAPTER 12
      Debtors.

**CHAPTER 12 PLAN OF REORGANIZATION**

The Debtors propose the following Chapter 12 Plan (the "Plan") for the adjustment of their debts.

ARTICLE I
Summary of the Plan

This Plan shall continue from its effective date for not more than sixty (60) months until all allowed claims of the Debtors have been paid in full. The property of the Debtors is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property collateralizing each claim. Cost of administration is being paid on the effective date of the Plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed.

After filing Chapter 12 the Debtors conducted an auction sale of substantially all of their farm assets and received $1,263,053.25 for their real property and $1,401,395.00 for personal property. See Exhibit A, Summary of Sales Proceeds, Lienholders and Debtor's Proposed Distribution which was attached to the Debtors' Report of Sale filed April 29, 2015. The Debtors' Report of Sale was approved by the Court on June 1, 2015 and through counsel they have begun distribution of equipment proceeds to lienholders and anticipate future distributions to pay the filed claims of all secured creditors once the real property transactions close.

If there are sufficient sale proceeds to pay all creditors filed claims and cost of administration, the Debtors will receive their discharge and the case will be closed after all disbursements are made. Whether the sales proceeds are sufficient to pay all claims cannot be determined until after the claims bar date expires on July 23, 2015. If there are not sufficient sales proceeds to pay all claims in full the Debtors will pay to the Trustee no less than the necessary amount of their disposable income over the term of

the Plan for Trustee administration and distribution to pay the balance in full of filed claims for unsecured creditors and administrative expenses.
.

Mr. Wainright has continued farming on a much smaller scale and Mrs. Wainright continues her employment with the Department of Veterans Affairs, which funds will be utilized to pay their living expenses and if necessary, the allowed claims.

## ARTICLE II
## Definitions

1. "Creditors" means all entities having a claim against the Debtors.

2. "Secured Creditor" means a creditor with lien or security interest in property of the Debtors.

3. "Claim" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in the Plan whether or not a claim is filed.

4. "Effective Date" means the date on which the Order of Confirmation becomes final and non-appealable.

5. "Trustee" means the Chapter 12 Trustee.

6. "Disposable Income" means all income received by the Debtors annually after deducting operating expenses, living expenses, and Plan payments.

## ARTICLE III
## Property Valuations

The Debtors propose to value their retained property as set out in Exhibit B attached hereto. The value of the liquidated property is set out on Exhibit A.

## ARTICLE IV
## Liquidation Test

The Debtors' net equity in their property is believed to be sufficient to pay all claims in full. See Exhibits A and B.

\ ARTICLE V
Disposable Income

For the term of this plan, all of the Debtors' disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to creditors.

ARTICLE VI
Living Expenses

The Debtors' living expenses are based on a monthly budget of $7,742.45. However, the living allowance of the Debtors may be periodically increased or decreased upon application by the Debtors and approval of the Court without further notice to creditors if such modification does not increase their living allowance by more than One Thousand Dollars ($1,000.00).

ARTICLE VII
Classification and Treatment of Claims

1. **Class I.  Costs of Administration**.  This class includes compensation and expenses of professionals and Court costs and all expenses incurred by the Debtors after the filing of their Petition and before the entry of the Order of confirmation.  All cost of administration claims, except compensation and expenses of professionals and Court costs, shall be paid in full on the effective date of the Plan.  Payment of auctioneer commissions and expenses, as allowed by the Court, will be paid upon closing the real property transactions.  Claims for compensation and expenses of professionals and Court costs shall be paid upon approval by the Court and as directed by the Court. Compensation and expenses of professionals shall be paid pursuant to 11 U.S.C. Section 503(b) and Section 330.

2. **Class II.  Unsecured Priority Claims, Taxes and Domestic Support Obligations.**  The Internal Revenue Service ("IRS") has filed a claim in the total amount of $8,183.64, based totally on unfiled returns.  It is believed this claim is erroneous and will not need to be considered for payment in evaluating plan feasibility.  The Debtors will file an objection to the claim.

3. **Class III.  Secured Claim of AgCaroina Financial, ACA ("AgCarolina").** AgCarolina has filed a **claim** for $274,814.30 which will be paid from the sale proceeds of its collateral.

4. **Class IV Secured Claims of Southern Bank and Trust Company ("SoBank")** .  SoBank has filed claims totaling $699,398.61 which will be paid from the sale proceeds of its collateral.

5. **Class V.  Secured Claim of CNH Industrial Capital America, LLC ("CNH").**  CNH has filed claims totaling $66.494.72 which will be paid from the sale

proceeds of its collateral.

      6. **Class VI. Secured Claim of Deere & Company.** Deere & Company filed claims totaling $152,411.01 which will be paid from the sale proceeds of its collateral.

      7. **Class VII. Secured Claim of Wells Fargo Bank, N.A. ("WF").** WF filed claims totaling $41,817.34 which will be paid from the sale proceeds of its collateral.

      9. **Class VIII. Secured Claim of Branch Banking & Trust Company ("BB&T").** BB&T has filed secured claims totaling $197,905.89 which are collateralized by the Debtors' residential property. These claims will be paid directly in accordance with the original contract terms and are unimpaired.

      10. **Class IX Unsecured Claims.** The unsecured claims of the Debtors as filed shall be paid from the Debtors' auction sale proceeds or as needed by disposable income for the duration of their Plan.

## ARTICLE VIII
### Execution of Plan

The Debtors will make the Plan payments out of sales proceeds of the liquidation of assets, supplemented by future income as necessary, consisting of post-petition earnings from employment or other property of the estate pursuant to 11 U.S.C. Sec. 1207 for the period of the Plan in dealing with unsecured creditors. Mr. Wainright currently is farming on a much reduced scale and Mrs. Wainright continues her employment with the Department of Veterans Affairs.

## ARTICLE IX
### Modification to Plan after Confirmation

The Debtors may request the Court to further modify this Plan before or after confirmation in accordance with the provisions of 11 U.S.C. Section 1222 and Section 1229.

## ARTICLE X
### Retention of Liens

All creditors whose claims are treated as secured in this Plan shall retain their liens on the collateral securing their respective claims until such claims are paid in full in the amount allowed as secured. All terms of the loan documents supporting the secured claims, including without limitation any due-on-sale clause, will remain valid and enforceable unless expressly modified herein.

## ARTICLE XI
### Sales Free of Interest

The Debtors may, during the term of this Plan, sell property free and clear of interest as provided in 11 U.S.C. Section 1206 at public auction or private sale after notice to creditors required by 11 U.S.C. Section 363 and the interest shall attach to the proceeds of the sale.

## ARTICLE XII
### Automatic Stay

Notwithstanding the entry of an Order confirming this Plan, the automatic stay provided by 11 U.S.C. Section 362 shall continue in effect as to all property retained by the Debtors until the Plan has been completed, terminated, the discharge entered, an Order entered lifting the stay, or the case is dismissed pursuant to 11 U.S.C. Section 1208, whichever is earlier.  The automatic stay shall not apply to future crops or property given as collateral for post-confirmation operating loans.

## ARTICLE XIII
### Default

In the event the Debtors should fail to comply with any provision of the Plan, Modification, Order Confirming the Plan, or modification thereof, and said failure continues for a period of thirty (30) days, then without further notice or hearing the automatic stay will be lifted.  Should the automatic stay be lifted as provided herein, and/or upon completion of the Plan and entry of the Debtors' discharge creditors' remedies upon default shall be controlled by the provisions contained in the affected creditor's loan documents.

## ARTICLE XIV
### General Provisions

1.  Except as provided in the Plan, the Order confirming the Plan vests all property of the estate in the Debtors free and clear of all liens and encumbrances.

2.  The Court shall retain jurisdiction over the Debtors and their property for the term of the Plan.

3.  The Debtors shall have the right to grant security interests in future crops to obtain credit or cash for their farming operations.  In addition, the Debtors may, upon approval of the Court, after appropriate notice and hearing, and compliance with 11 U.S.C. Section 364, grant a deed of trust on real property or a security interest in personal property for the purpose of obtaining operating monies.

4.  The secured debt of any secured creditor may be further modified by agreement between the Debtors and the secured creditor without Court approval, or upon application

of the Debtors and approval by the Court for cause after notice to the subject secured creditor and a hearing, in compliance with 11 U.S.C. Section 1229.

     5.  The debts adjusted by this Plan may be further modified by agreement between the Debtors and the creditors herein without Court approval, or they may be modified upon application of the Debtors and approval of the Court for cause after notice to the said creditor and a hearing on same.

ARTICLE XV
Discharge

     Upon the Debtors' compliance with the provisions of the Plan for the term of the Plan, the Court shall enter a discharge which discharges the Debtors from all claims provided for in the Plan except as provided in 11 U.S.C. Sections 1222(b)(5) and (9) and 11 U.S.C. Section 523(a).  The Debtors' compliance with the plan and entry of the Debtors' discharge shall also have the effect of extinguishing any judgment liens on the Debtors' property except to the extent different treatment is otherwise specifically provided for such liens in the Debtors' plan.

     Respectfully submitted, this 18th day of June, 2015.

                                      /s/RICHARD C. POOLE
                                      Richard C. Poole
                                      Attorney at Law
                                      1510 E. Arlington Blvd., Suite B
                                      Greenville, NC 27858
                                      (252) 353-4455